OPINION
{¶ 1} Stanley Smith, Jr., appeals from his conviction in the Vandalia *Page 2 
Municipal Court of domestic violence. Smith claims his conviction was against the manifest weight of the evidence. The charge against Smith resulted from an incident at the victim's home on Thanksgiving Day in 2006. Smith and the victim, Teresa Malott, had once lived together and a son Miles, age six, was born of that relationship. After they separated, the defendant spent a considerable amount of time with Miles because Ms. Malott worked in Columbus, Ohio. Ms. Malott had legal custody of Miles, but the defendant had just filed for custody on November 8, 2006.
 {¶ 2} On Thanksgiving, Teresa had agreed to take Miles over to the defendant's home so Miles could spend time with the defendant and his family. Teresa did not answer several phone calls made by the defendant, but later that day offered to bring Miles over to the defendant's house. When the defendant declined Teresa's invitation, she drove to the defendant's apartment anyway and dropped off Miles at the front door of the apartment. Teresa testified that she went up to the defendant's apartment to see if Miles could stay with the defendant. Teresa testified that the defendant agreed to keep Miles and they both left the apartment together because the defendant was going to the gas station with Miles and she was returning home.
 {¶ 3} Malott testified that Miles got into the front seat of the defendant's truck. Before the defendant entered his truck, Malott testified she got into an argument with him. Malott testified that when she began to remove Miles from the defendant's truck, the defendant began slamming the truck door on her. She testified she then turned around and swung at the defendant, but didn't know if she hit him. (T. 12.) She testified Miles became terrified and moved to the back of the *Page 3 
truck. As she moved toward the back door, Malott testified the defendant began punching her in the back of the head. Malott testified she developed a gigantic knot on the back of her head from the defendant hitting her. On cross-examination, Ms. Malott denied telling the police that the defendant struck her with a baseball bat.
 {¶ 4} Deputy Gerald Barnes of the Montgomery County Sheriffs Office testified he was dispatched on November 23, 2006 to the defendant's residence on the report of domestic violence. Although the defendant reported to Barnes that he had been punched in the mouth, Barnes observed no evidence the defendant was injured. Fifteen minutes later, Barnes questioned Malott at her residence. Malott told Barnes she had been struck on the back of the head by the defendant. Barnes said Malott told him the defendant struck her very hard and she thought he might have hit her with a small baseball bat. (T. 35.) Barnes testified he did not observe any injury to Ms. Malott, but he did not feel her head for a "knot" as described by Ms. Malott.
 {¶ 5} Brian McGee testified for the defendant. He testified he is a friend of the defendant and he heard the defendant and Ms. Malott arguing on the day of the incident. McGee testified he observed Ms. Malott strike the defendant in the face. He said he was approximately 50 to 100 feet away, inside his girlfriend's apartment. (T. 52, 53.) He testified he did not see the defendant touch Ms. Malott. The defendant testified in his own defense. He denied striking Ms. Malott. He testified that Ms. Malott struck him in the face while she was trying to remove her son from his truck.
 {¶ 6} At the conclusion of the trial, the trial court found Ms. Malott's testimony *Page 4 
to be "extremely credible." The trial judge stated she found that Ms. Malott "gave very open, honest, very consistent with everything else, statement here." (T. 80.)
 {¶ 7} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. In this situation, "`[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weights heavily against the conviction.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 387,768 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.
 {¶ 8} The trial judge was in the best position to evaluate the credibility of Ms. Malott and Mr. Smith. Her testimony was not internally inconsistent, and the evidence does not weigh heavily against the defendant's conviction. The Judgment of the trial court is Affirmed.
 FAIN, J., and DONOVAN, J., concur. *Page 1